UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DETRICK CULLUM,            )
   Plaintiff,              )
                           )
vs.                        )        Case No. 22-1279
                           )
WEXFORD HEALTH SOURCES, et. al,  )
   Defendants              )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Wexford Health Sources, Dr. Kurt Osmundson, and Nurse Practioner Brittany Miller violated his constitutional rights at Illinois River Correctional Center.

Plaintiff alleges Defendants Miller and Osmundson were deliberately indifferent to his COVID symptoms from November 2020 to June 2021. Plaintiff alleges he suffered from a variety of symptoms including chills, fully body aches, swelling in his ear and throat, and ultimately coughing up blood. Plaintiff's complaint provides detail of his repeated meetings with nursing staff, but Plaintiff claims they delayed referring him to

1

a doctor and refused to provide appropriate, effective care. For purposes of notice pleading, Plaintiff has articulated an Eighth Amendment violation.[1]

Nonetheless, Plaintiff says he wishes to "forego his claims" against the two Defendants "until a later date" since he has concerns about his "day-to-day life" at Illinois River Correctional Center. (Comp, p. 23).

Plaintiff is a very experienced litigator, and he has filed his complaint articulating very specific claims against Defendants Miller and Osmundson. Plaintiff cannot then ask the Court to ignore his allegations with the possibility Plaintiff might ask to pursue his claims at some uncertain date. In addition, any potential fears concerning his living conditions at Illinois River are no longer an issue as Plaintiff is currently housed at Danville Correctional Center. Therefore, the articulated claims and "counts" will be included. **If Plaintiff wishes to dismiss his claims against Osmundson and Miller, he must file a motion to dismiss these individuals.**

Plaintiff also alleges Wexford is responsible for the deliberate indifference to his serious medical condition based on its policies and practices. However, Plaintiff then claims deliberate indifference is a policy which is not sufficient. In addition, Plaintiff alleges procedures which do not involve medical staff or Wexford. Plaintiff may proceed with his claim alleging Wexford's cost-cutting policy or practice reduced staff and delayed any consultation with a doctor.

---

[1] Plaintiff has attached 42 pages of exhibits, but Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim. Therefore, the Court will only consider the claims clearly stated in the complaint.

2

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Wexford Health Sources, Dr. Kurt Osmundson, and Brittany Miller were deliberately indifferent to his serious medical condition, COVID, from November 2020 to June 2021. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendants pursuant to the standard procedures; 2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 3) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 8th day of November, 2022.

                                    s/ James E. Shadid
                          _____
                                    JAMES E. SHADID
                            UNITED STATES DISTRICT JUDGE